United States Bankruptcy Court

Southern District of Mississippi

In re:                                                              Case No. 20-01980-JAW

Eric Terrell Reed                                                   Chapter 13

     Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0538-3 | User: mssbad | Page 1 of 2 |
| Date Rcvd: Apr 14, 2025 | Form ID: 3180W | Total Noticed: 25 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 16, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Eric Terrell Reed, 105 Pine St, Flora, MS 39071-9725 |
| 4914734 | + | APP of Mississippi ED, 2500 North State St, Jackson, MS 39216-4500 |
| 4914735 | + | Community Choice, 1406 N. Jerry Clower B, Yazoo City, MS 39194-3057 |
| 4914738 | + | Health Managment Assoc, 5811 Pelican Bay Blvd, Ste 500, Naples, FL 34108-2711 |
| 4917068 | | Madison HMA, LLC, c/o David L. Mendelson, Esq., MENDELSON LAW FIRM, PO BOX 17235, Memphis, TN 38187-0235 |
| 4914741 | | Merit Health Madison, P.O. Box 975213, Dallas, TX 75397-3213 |
| 4914746 | + | Shundra Hunter, 128 Elton Park Dr, Jackson, MS 39212-8788 |
| 4914748 | + | Willie Mae Garner, 105 Pine St, Flora, MS 39071-9725 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 4914733 | + | Email/Text: bankruptcy@acimacredit.com | Apr 14 2025 19:39:00 | Acima Credit, 9815 S Monroe St Fl 4, Sandy, UT 84070-4384 |
| 4914736 | + | EDI: CCS.COM | Apr 14 2025 23:39:00 | Credit Collection, Po Box 607, Norwood, MA 02062-0607 |
| 4914737 | | Email/Text: rrush@familychoicefinancial.com | Apr 14 2025 19:39:00 | Family Choice Financial, Inc, 912 A East Peace Street, Canton, MS 39046 |
| 4914742 | + | Email/Text: constance.morrow@mdhs.ms.gov | Apr 14 2025 19:39:00 | MSDHS, Attn: Constance Morrow, PO Box 352, Jackson, MS 39205-0352 |
| 4914740 | + | Email/Text: bankruptcy@magfedcu.org | Apr 14 2025 19:39:00 | Magnolia Federal CU, 240 Briarwood Dr, Jackson, MS 39206-3027 |
| 4914739 | + | Email/Text: bankruptcy@magfedcu.org | Apr 14 2025 19:39:00 | Magnolia Federal Credit Union, 240 Briarwood Dr, Jackson, MS 39206-3027 |
| 4925870 | + | Email/Text: pasi_bankruptcy@chs.net | Apr 14 2025 19:39:00 | Merit Health Madison, c/o PASI, PO Box 188, Brentwood, TN 37024-0188 |
| 4918715 | + | Email/Text: ecfbankruptcy@progleasing.com | Apr 14 2025 19:39:00 | NPRTO South-East, LLC, 256 West Data Drive, Draper, Utah 84020-2315 |
| 4914743 | + | Email/Text: bankruptcy@ncaks.com | Apr 14 2025 19:39:00 | National Credit Adjust, P.o. Box 550, Hutchinson, KS 67504-0550 |
| 4936204 | + | Email/Text: bankruptcy@ncaks.com | Apr 14 2025 19:39:00 | National Credit Adjusters, LLC, Attn: Bankruptcy Department, P.O. Box 3023, Hutchinson, KS 67504-3023 |
| 4914744 | + | Email/Text: ecfbankruptcy@progleasing.com | Apr 14 2025 19:39:00 | Progressive, 11629 So 700 E, Draper, UT 84020-8376 |
| 4914745 | + | Email/Text: ecfbankruptcy@progleasing.com | Apr 14 2025 19:39:00 | Progressive Leasing, 256 W Data Dr, Draper, UT 84020-2315 |
| 4914747 | | Email/Text: bankruptcy.accounts@wakeassoc.com | Apr 14 2025 19:39:00 | Wakefield & Associates, Po Box 50250, Knoxville, TN 37950 |

District/off: 0538-3        User: mssbad        Page 2 of 2

Date Rcvd: Apr 14, 2025        Form ID: 3180W        Total Noticed: 25

| 4926986 | Email/Text: bankruptcy.accounts@wakeassoc.com | | |
|---|---|---|---|
| | | Apr 14 2025 19:39:00 | APP OF MISSISSIPPI ED, PLLC, WAKEFIELD & ASSOCIATES, PO BOX 50250, KNOXVILLE, TN 37950-0250 |
| 4916650 | + Email/Text: bk@worldacceptance.com | | |
| | | Apr 14 2025 19:39:00 | World Finance, World Acceptance Corp. Attn: Bankruptcy, PO Box 6429, Greenville, SC 29606-6429 |
| 4914749 | + Email/Text: bk@worldacceptance.com | | |
| | | Apr 14 2025 19:39:10 | World Finance, 108 Frederick St, Greenville, SC 29607-2532 |
| 4916415 | + Email/Text: bk@worldacceptance.com | | |
| | | Apr 14 2025 19:39:00 | World Finance c/o World Acceptance Corp., Attn: Bankruptcy Processing Center, PO Box 6429, Greenville, SC 29606-6429 |

TOTAL: 17

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 16, 2025        Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 14, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jennifer A Curry Calvillo | on behalf of Debtor Eric Terrell Reed jennifer@therollinsfirm.com jennifer.curry.ecf@gmail.com,CalvilloJR81745@notify.bestcase.com |
| Thomas Carl Rollins, Jr | on behalf of Debtor Eric Terrell Reed trollins@therollinsfirm.com jennifer@therollinsfirm.com;trollins.therollinsfirm.com@recap.email;notices@therollinsfirm.com;kerri@therollinsfirm.com;breanne@therollinsfirm.com;TRollins@jubileebk.net;calvillojr81745@notify.bestcase.com |
| Torri Parker Martin | tpm@tpmartinch13.com trusteeMSSB2H@ecf.epiqsystems.com |
| United States Trustee | USTPRegion05.JA.ECF@usdoj.gov |

TOTAL: 4

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Eric Terrell Reed** | Social Security number or ITIN   **xxx–xx–3714** |
| | First Name   Middle Name   Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court for the **Southern District of Mississippi** | | |
| Case number:   **20–01980–JAW** | | |

# Order of Discharge

**12/18**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

**Eric Terrell Reed**

Dated: <u>4/14/25</u>

**By the court:**   <u>/s/Jamie A. Wilson</u>
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**